# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS RICHARD FRESQUEZ, | CV F   06-1331 OWW LJO P |
| Plaintiff, | |
| v. | ORDER DENYING MOTION FOR CASE TO BE HEARD AS AN ADA CASE (Doc. 11.) |
| WOFFORD, | |
| Defendants. / | |

    Louis Richard Fresquez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983 and the Americans With Disabilities Act. Plaintiff filed the instant action on August 31, 2006. On December 20, 2006, Plaintiff filed a pleading titled "Motion to Proceed Under Americans With Disabilities Act."

    The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

    A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding,

467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

     In this case, the Court has yet to screen the Complaint to determine whether it states a cognizable claim under Section 1983 or the ADA.  Thus, Plaintiff's Motion will be DENIED. The Court notes that Plaintiff has filed the same Motion in several of his pending cases before this Court. Plaintiff was informed that he must allege facts that give rise to an ADA claim in order for the case to proceed under the ADA, he may not simply move that it be heard under the ADA.  Generally, Complaints concerning the conditions of an inmate's confinement are characterized as a civil rights action, however, if the facts give rise to an ADA claim, the case will be heard under the ADA as well.  Plaintiff need not file a motion to that effect.  Should the Court determine that Plaintiff's allegations give rise to an ADA claim, it will be heard as an ADA case.

     Accordingly, the "The Motion For Case To Be Heard as an Americans With Disabilities Act." is DENIED.

IT IS SO ORDERED.

**Dated:   January 4, 2007**              /s/ Lawrence J. O'Neill
b9ed48                                    UNITED STATES MAGISTRATE JUDGE