**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS RICHARD FRESQUEZ, | 1:06-cv-01331-OWW-GSA (PC) |
| Plaintiff, | |
| v. | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| J. WOOFORD, R.N., et. al., | (Doc. 1) |
| Defendants. | |

**I.    SCREENING ORDER**

Louis Richard Fresquez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis. Plaintiff originally filed his complaint on August 31, 2006 in the Sacramento division of this Court. On September 25, 2006, Judge Gregory G. Hollows ordered the case transferred to the Fresno division. Plaintiff's original complaint is presently before the Court for screening.

**A.    Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been

1  paid, the court shall dismiss the case at any time if the court determines that . . . the action or
2  appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. §
3  1915(e)(2)(B)(ii).
4       A complaint, or portion thereof, should only be dismissed for failure to state a claim upon
5  which relief may be granted if it appears beyond doubt that Plaintiff can prove no set of facts in
6  support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding,
7  467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v.
8  Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a
9  complaint under this standard, the court must accept as true the allegations of the complaint in
10 question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the
11 pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.
12 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).
13      **B.    Summary of Plaintiff's Complaint**
14      Plaintiff is a state prisoner at California Substance Abuse Treatment Facility and State
15 Prison ("SATF") in Corcoran, California – where the acts he complains of occurred.  Plaintiff
16 names five defendants: Registered Nurses Wofford and B. Ring; and Officer's Garze, Buch, and
17 Bonill.
18      Plaintiff alleges that the named defendants discriminated against him based on his
19 impaired hearing, vision, and mobility.  Plaintiff alleges that on March 25, 2005 and on June 14,
20 2005 Nurse Ring and Nurse Wofford respectively discriminated against him by choosing to
21 believe/rely on misinformation that was placed at the front of Plaintiff's medical records.
22 Plaintiff alleges that Officer's Garze, Buch, and Bonill discriminated against him by placing
23 informational chronos in his medical file regarding their observations of Plaintiff that they felt
24 contradicted his medical impairments.
25      The Plaintiff seeks declaratory and injunctive relief to expunge the informational chronos
26 from his medical file.
27      It should be noted that Plaintiff's complaint is haphazardly organized at best and is
28 peppered with incomplete sentences, legal citations, and exhibit documents interspersed between

factual allegations. Plaintiff's claims are apparently based on violations of the Americans with Disabilities Act of 1990 and the Rehabilitation Act of 1973.

### C. Pleading Requirements

#### 1. *Federal Rule of Civil Procedure 8(a)*

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

#### 2. *Federal Rule of Civil Procedure 18(a)*

"The controlling principle appears in Fed.R.Civ.P. 18(a) 'A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A

3

against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff is advised that if he chooses to file an amended complaint, and fails to comply with Rule 18(a), the Court will count all frivolous/noncognizable unrelated claims that are dismissed therein as strikes such that he may be barred from filing in forma pauperis in the future.

### 3. *Linkage Requirement*

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

### D. **Claims for Relief**

#### 1. *The Americans with Disabilities Act & The Rehabilitation Act*

Title II of the Americans with Disabilities Act provides that:

> No qualified individual with a disability shall, by reason of such disability, be excluded from participation in or denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

42 U.S.C. § 12132.  Because Title II of the ADA was modeled after § 504 of the Rehabilitation Act of 1973, "[t]here is no significant difference in analysis of the rights and obligations created by the ADA and the Rehabilitation Act." Zukle v. Regents of the University of California, 166 F.3d 1041, 1045, n. 11 (9th Cir. 1999).  To establish a claim under the ADA and RA, plaintiff must demonstrate that (1) he is a person with a disability; (2) that he is otherwise qualified; and that the defendants' actions either (3) excluded his participation or denied him the benefits of a service, program, or activity; or (4) otherwise subjected him to discrimination on the basis of his physical handicap.  See Duffy v. Riveland, 98 F.3d 477, 455 (9th Cir. 1996).

The term "public entity" is defined under Title II as any state or local government or any department, agency, or other instrumentality of state or local government.  42 U.S.C. § 12131(1)(A), (B).  Individuals are not proper defendants under Title II of the ADA.  Walker v. Snyder, 213 F.3d 344, 346 (7th Cir. 2000); Alsbrook v. City of Maumelle, 184 F.3d 999, 1005 n.8 (8th Cir. 1999); Montez v. Romer, 32 F. Supp. 2d 1235, 1240-41 (D. Colo. 1999) (finding that individual liability does not exist under the ADA); see also Butler v. City of Prairie Village, 172 F.3d 736, 744 (10th Cir. 1999); Mason v. Stallings, 82 F.3d 1007, 1009 (11th Cir. 1996); Gallo v. Bd. of Regents of the University of California, 916 F. Supp. 1005, 1009 (S.D. Cal. 1995).

In the instant case, Plaintiff's complaint does not specify whether defendants are sued in their official or individual capacity.  Plaintiff alleges that the defendants engaged in individual actions to violate his rights, therefore, the Court concludes that Plaintiff brings action against the defendants in their individual capacities.  Plaintiff cannot maintain an action against individuals under Title II of the ADA.  Thus, the complaint must be dismissed.

### 2. *Verbal Harassment*

Plaintiff alleges that CDC 128's were based on "[d]iscriminating STEREOTYPES, PATRONIZING ATTITUDES" towards Plaintiff.

To the extent that he is complaining of the defendants' words and/or gestures, Plaintiff is advised that mere verbal harassment or abuse, including the use of racial epithets, does not violate the Constitution and, thus, does not give rise to a claim for relief under 42 U.S.C. § 1983. Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987), and threats do not rise to the level of a constitutional violation. Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987).

### 3. *Declaratory Damages*

"A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985). In the event that this action reaches trial and the jury returns a verdict in favor of plaintiff, that verdict will be a finding that plaintiff's constitutional rights were violated. Accordingly, a declaration that Defendants violated Plaintiff's rights is unnecessary.

### 4. *Injunctive Relief*

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court

must have before it an actual case or controversy.  City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006).  If the court does not have an actual case or controversy before it, it has no power to hear the matter in question.  Id.  "A federal court may issue an injunction *if* it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may *not* attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added).

The Court is dismissing Plaintiff's complaint, with leave to amend, for failure to state claims upon which relief may be granted.  Thus, there is no case or controversy before the Court, such that the Court lacks jurisdiction to issue any preliminary injunctions.  Until and unless the Court finds that Plaintiff has stated cognizable claims for relief under section 1983 and the defendants against whom the claims are stated have been served and made an appearance in this action, the Court will not have jurisdiction to issue any orders awarding the relief Plaintiff seeks.

**II.     CONCLUSION**

For the reasons set forth above, Plaintiff's complaint is dismissed, with leave to file an amended complaint within thirty days.  If Plaintiff needs an extension of time to comply with this order, Plaintiff shall file a motion seeking an extension of time no later than thirty days from the date of service of this order.

Plaintiff must demonstrate in his complaint how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved.  There can be no liability under section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff is reminded that Fed.R.Civ.P. 18(a) provides that "'[a] party asserting a claim to

relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.' Thus, multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff is advised that it is inappropriate to attach exhibits to a complaint. See Rule 8, Federal Rules of Civil Procedure. Further, the Court cannot serve as a repository for the parties' evidence. Originals or copies of evidence (i.e., prison or medical records, witness affidavits, etc.) should not be submitted until the course of litigation brings the evidence into question (for example, on a motion for summary judgment, at trial, or when requested by the court). At this point, the submission of evidence is premature as Plaintiff is only required to state a prima facie claim for relief. Thus, in amending his complaint, Plaintiff should simply state the facts upon which he alleges a defendant has violated his constitutional rights and refrain from submitting exhibits.

Finally, Plaintiff is advised that Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff must file

8

an amended complaint curing the deficiencies identified by the Court in this order; and

4. If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim.

IT IS SO ORDERED.

**Dated:** **August 24, 2008**          **/s/ Gary S. Austin**
                                                     UNITED STATES MAGISTRATE JUDGE