# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS RICHARD FRESQUEZ, | 1:06-cv-01331-OWW-GSA-PC |
| Plaintiff, | |
| v. | ORDER DENYING MOTION TO CORRECT JUDGMENT |
| J. WOFFORD, et al., | (Doc. 28.) |
| Defendants. | |

**I.    BACKGROUND**

Louis Richard Fresquez ("Plaintiff") is a state prisoner proceeding pro se in this civil action. The complaint was filed on August 31, 2006. (Doc. 1.) On October 5, 2006, the Court granted plaintiff leave to proceed in forma pauperis. (Doc. 8.)

On March 6, 2009, findings and recommendations were issued by the Magistrate Judge, recommending that Plaintiff's in forma pauperis status be revoked pursuant to 28 U.S.C. § 1915(g) and that Plaintiff be required to pay the filing fee for this action. (Doc. 24.) On April 17, 2009, the findings and recommendations were adopted by the District Judge, Plaintiff's in pauperis status was revoked, and Plaintiff was ordered to pay the filing fee in full within thirty days. (Doc. 25.) Plaintiff failed to pay the filing fee or to respond otherwise to the Court's order. As a result, the Court dismissed this action, without prejudice, based on Plaintiff's failure to obey the Court's order to pay the filing fee.[1] (Doc. 26.) Judgment was entered on June 3, 2009. (Doc. 27.)

---

[1] The Court's order was signed by the District Judge on June 2, 2009 and entered on the record on June 3, 2009. (Doc. 26.)

1

1       On September 11, 2009, Plaintiff filed a motion to correct the judgment. (Doc. 28.)
2  Plaintiff's motion is now before the Court.

3  **II.     RULE 60(a)**

4       Pursuant to Rule 60(a) of the Federal Rules of Civil Procedure, "the court may correct a
5  clerical mistake or a mistake arising from oversight or omission whenever one is found in a
6  judgment, order, or other part of the record." Fed. R. Civ. P 60(a).

7       Plaintiff argues that his case should not have been dismissed, because the complaint
8  alleged facts stating a claim for violation of his rights under the ADA. This argument is entirely
9  without merit. First, plaintiff's complaint did not state a claim under the ADA, as discussed
10 below. Second, this action was dismissed for plaintiff's failure to obey the Court's order to pay
11 the filing fee, not for plaintiff's failure to state a claim.

12      Plaintiff takes issue with the Court's references to his complaint as a civil rights action
13 brought under 42 U.S.C. § 1983. Plaintiff requests correction of the judgment to reflect that
14 plaintiff filed an ADA claim instead of a § 1983 action.

15      Complaints concerning the conditions of an inmate's confinement are generally
16 characterized by the Court as civil rights actions under 42 U.S.C. § 1983. However, if the facts
17 give rise to an ADA claim, the case will be heard under the ADA as well. Plaintiff, an inmate
18 incarcerated at the California Substance Abuse Treatment Facility and State Prison at Corcoran
19 (SATF), alleged in the complaint that prison officials discriminated against him because of his
20 physical disabilities. When Plaintiff's case was filed, it was designated as a § 1983 action,
21 pending review. On December 20, 2006, before the Court had screened the complaint, Plaintiff
22 brought a motion for his case to be heard as an ADA claim. (Doc. 11.) On January 4, 2007, the
23 Court denied Plaintiff's motion, declining to characterize the complaint as an ADA claim before
24 it had been reviewed. (Doc. 12.) On August 25, 2008, after screening the complaint as required
25 by 28 U.S.C. § 1915A(a), the Court issued an order dismissing the complaint for failure to state a
26 claim, with leave to amend. (Doc. 15.) In the order, the Court specifically found that Plaintiff
27 failed to state a claim under the ADA. Id. at 5:20-25. Plaintiff failed to amend the complaint
28 before the action was dismissed in its entirety.

1     Plaintiff also argues that he did not bring this action under 28 U.S.C. § 1915A(a), and the Court erroneously states as such. Section 1915A(a) requires the court to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff, a prisoner incarcerated at SATF, brought this complaint against defendants J. Wofford (R.N.), B. Ring (R.N.), Garze, Buch, and Bonill. (Doc. 1.) All of the named defendants were employees of the California Department of Corrections, a governmental entity. Therefore, because Plaintiff was a prisoner who brought a complaint against employees of a governmental entity, 28 U.S.C. § 1915A(a) is applicable to this action.

    Based on the foregoing, Plaintiff's arguments fail because the complaint did not state a claim under the ADA, and the Court's characterization of the case as a complaint brought under 42 U.S.C. § 1983 and governed by 28 U.S.C. § 1915A(a) was not erroneous. Therefore, Plaintiff's motion shall be denied.

### III.  CONCLUSION

    Based on the foregoing, Plaintiff's motion for the Court to correct the judgment in this action is DENIED.

IT IS SO ORDERED.

**Dated:   September 18, 2009**              /s/ Oliver W. Wanger
                                  UNITED STATES DISTRICT JUDGE